(Court of Appeal, Parish of Orleans.)

## FIDELITY AND DEPOSIT CO. OF MARYLAND vs. PETER JOHNSON, ET. ALS.

Appeal from Civil District Court, Division "E."

P. M. Milner, for Plaintiff and Appellee.

John F. C. Waldo, for Defendant and Appellant.

1. Where plaintiffs in injunction name the obligees of a bond presented by them or their attorneys to the surety for signature, they will not thereafter be permitted to urge to the detriment of such surety, that one of the obligees so named by them was not properly a party to the bond.

2. The fact, that the Supreme Court subsequently held that the obligees in question could not profit by the bond and that the trial judge erroneously ordered its name inserted therein, is without significance. The principals acquiesced, the surety was not a party to their actions and is not shown to have been aware of the order, and its only duty and interest were to comply, at the principals' request, with its obligation to sign the bond contracted for.

3. The counter or indemnifying sureties furnished by the principals to the surety agreed to hold the latter harmless against all loss, damage, costs, charges and expenses, in defending suits brought against the principals and surety on the bond.

4. The surety had the right to employ its own attorney to defend the suit brought against it, and is entitled to reimbursement of a reasonable fee paid to such attorney.

5. The costs of printing of briefs, though not taxable as costs technically speaking, are recoverable as "loss, damage, charges and expenses of whatever nature or kind," according to the phraseology of the contract.

DUFOUR, J. The plaintiffs, Johnson and Dare, in a suit

against the City of New Orleans, applied for an injunction against the City to prevent it from selling a franchise; the St. Charles Street R. R. Co. intervened and united with the defendant in resisting the plaintiffs' demand.

The Court ordered the injunction to issue upon plaintiffs' furnishing bond in favor of both City and Railroad Company, and the present plaintiff became surety on that bond.

Johnson and Dare having lost their suit, the St. Charles Street R. R. Co. sued the principals and surety to recover damages on the injunction bond, and was defeated on an exception of no cause of action filed by the Fidelity Co., which defended the suit, the Supreme Court holding that the Railroad Company had no right of action on the bond.

Whereupon the Fidelity Company sued Johnson and Dare, and their counter sureties, Dinkelspiel and Hart, for attorney's fees and certain costs expended by them in defeating the action.

The three points presented by the defence are:

1st. That the claim urged by plaintiff is beyond the purposes, the scope and purview of the bond on which they sue.

2nd. That the expenses incurred by plaintiff, and which it seeks to recover, were needlessly incurred, and therefore should be held gratuitous and not laid as a burden upon the defendants.

3rd. That the amount of attorney's fees claimed is excessive, under the circumstances, and that costs of brief are not taxable.

The fact that the district judge erroneously ordered the bond to be made in favor of the St. Charles Street R. R. Co. is absolutely without significance. There is nothing to show that the Surety Company knew of this order, and it is apparent that they signed the bond which plaintiff's attorneys presumably prepared and requested the Surety Company to sign. If they submitted to an illegal order, which, as the sequel shows they might successfully have resisted, it is their own fault, and the surety cannot be made

to suffer for it. They acquiesced, named the obligees of the bond, and surety was not a party to their action, and its only duty or interest in the premises was to comply with its obligation to sign as surety for the injunction bond for which it had contracted.

The obligations incurred by the counter sureties exacted by the Fidelity Company for its protection were "to hold and keep harmless the company from and against any and all loss, damages, costs, charges and expenses of whatever nature or kind which the company shall or may at any time incur, sustain or be put to, for or by reason or in consequence of the company having given and executed the said bond, also all costs and expenses which it may incur in investigating any claim made thereunder, or in or about prosecuting or defending any action, suit or other proceedings which may be commenced or prosecuted against said Johnson or Dare, or both, plaintiffs in the aforesaid injunction suit, or against the Company, upon the said bond, or any wise in relation thereto." Considering that the amount sued for was expended in defending a suit by an obligee of the bond, named as such at the request of the plaintiffs in injunction themselves, we find no force in the first defence.

## II.

The surety had, under the terms of the contract, *supra,* the right to defend the suit against it, and to be reimbursed the expenses incurred in so doing. Its attorney, Mr. Milner, insisted upon conducting the defence, and expressed his willingness at the same time to accept the co-operation of Mr. Hart; who represented Johnson and Dare. The principals and surety had an equal right to select their respective attorneys, and neither was compelled to accept the other's attorney.

## III.

We find nothing excessive in a charge of $250.00 for defeating a suit for $2,500.00; the testimony shows that the fee was ac-

cepted as reasonable and paid by the Fidelity Company.

It is true that the costs of brief are not taxable as costs, *technically* speaking, but they are certainly recoverable as "loss, damage, charges and expenses of whatever nature or kind," according to the phraseology of the contracts. Affirmed.

May 1st, 1905.

———o———

## No. 3653.

### (Court of Appeal, Parish of Orleans.)

P. M. Milner, for Plaintiff and Appellant.